# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE M. DETAR, et al, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 2:13-cv-01499 |
| | ) |
| v. | ) Judge Mark R. Hornak |
| | ) |
| UNITED STATES GOVERNMENT, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff, Lee M. Detar, acting *pro se*, filed this civil action on October 16, 2013, and also filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). Also named as Plaintiffs are Abigail Detar and Gabriel Detar, seemingly relatives of Lee M. Detar. No appearance has been entered on behalf of either of them, and Lee M. Detar, appearing *pro se* may not, of course, represent them, as he does not appear to be an attorney. *See generally, Williams v. United States*, 477 Fed. Appx. 9 (3d. Cir. 2012). No specific IFP petition has been filed as to either of them.

As Defendants to this action, Plaintiffs name the following: (1) United States Government, (2) Department of Defense, (3) L3 Communications, (4) Department of Health and Human Services, (5) ICAACT.org, (6) FreedomFCHS.org, (7) H. Michael Sweeney, (8) Erika Metting, (9) Henry Metting, (10) Fred Metting, (11) Michelle Metting, (12) Lee Detar, Jr., (13) Kathy Genusso, (14) Tom Picarsic, (15) Ashley Hampton, (16) Tony DeMarco, (17) Dennis Detar, (18) April Detar and (19) Jennifer Galbraith.

Plaintiff's handwritten, *pro se* Complaint does nothing to identify who any of these Defendants are, other than the self-evident nature of the federal governmental Defendants (Defendants 1, 2 and 4), but does purport to set out the State of citizenship of each of them.

Notwithstanding that at least eight (8) of them are stated to be citizens of the United States and of Pennsylvania (Defendants 8-16), and Plaintiff Lee M. Detar claims that he and the other two (2) Plaintiffs are at least residents of Pennsylvania and of this judicial district (and based on the Complaint, they would seemingly also be citizens of Pennsylvania), the Complaint claims federal subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship), and also for "presiding over matters of suit against the United States Government", or presumably, 28 U.S.C. § 1346. The Complaint also makes no allegations that would support any finding or conclusion that the prerequisites for the maintenance of a civil action for tort-based money damages against the United States, or its officers or agents, have been fulfilled. *See* 28 U.S.C. § 2671 *et. seq.* (Federal Tort Claims Act).

Plaintiff seems to allege that back in 2003 and 2004, the Department of Homeland Security and the Federal Emergency Management Agency (neither of which are specifically-named defendants) did something to force him from a job; that they and/or L3's predecessor violated his Fourth Amendment rights; that in 2006, he would be put under surveillance if he did not leave the country; that in 2008 there were some sort of "tampered with" court proceedings before the Hon. Donna Jo McDaniel (apparently of the Allegheny County Court of Common Pleas); that at some time between 2009 and 2013, there were persistent invasions of privacy between the "extended" Detar family, and the "extended" Metting family, related wiretapping conspiracies, major physical and emotional damages; and then, in 2010, some sort of undefined contract for security consulting with H. Michael Sweeney. Lee M. Detar seeks an "emergency injunction" forcing the Defendants to cease and desist all "mentioned violations" ("no communication of any variety through any means of communication whatsoever, no defamation of character of Plaintiffs, no interference in finances or employment matters involving

Plaintiffs"), along with $2,000,000 in undefined money damages and a general "restoration of all rights" for the Plaintiffs. ECF No. 1-1.

A district court is obligated to review a complaint in a civil action in which a litigant is proceeding *in forma pauperis,* 28 U.S.C. § 1915(e)(2), or seeks redress against a governmental employee or entity, 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also seeking redress from governmental officers and employees. This screening obligation is in force whether the IFP plaintiff is a prisoner or not. *Grayson v. Mayview State Hosp.,* 293 F. 3d 103, 109-110, n.10, 11 (3d Cir. 2002).

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. *See Roman v. Jeffes,* 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." *Id.* (citing *Sinwell v. Shapp,* 536 F.2d 15 (3d Cir. 1976)); *see also Schneller v. Able Home Care, Inc.,* 389 Fed. Appx. 90, 92 (3d Cir. 1990). Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. *See Jackson v. Brown,* 460 Fed. Appx. 77, 79 n.2 (3d Cir. 2012) ("As a procedural matter, therefore, the District Court should have addressed Jackson's [*in forma pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); *Spuck v. Fredric,* 415 Fed. Appx. 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the

3

complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] In that situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

In his motion Plaintiff states that he is unable to pay the filing fee associated with this case. Based upon his averments of modest financial resources, the Court previously found that Plaintiff was without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his request for leave to proceed *in forma pauperis* was previously granted. ECF No. 3.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999); *Scott v. Delaware Dept. of Family Services*, 530 Fed. Appx. 129, 130 (3d Cir. 2013). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." *Id.* at

4

555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)); *see also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff's complains of various alleged state law torts and harms dating back to 2003, and claims against or involving federal agencies (including two that are not specifically named

5

Defendants), in 2003 and 2006. There are no wrongs alleged against any federal Defendant that has supposedly occurred since 2006, e.g., nearly seven (7) years before the Complaint was filed. Based on the facts as alleged, Plaintiff's claims against any federal Defendant are time-barred.

Our Court of Appeals has addressed whether district courts may *sua sponte* dismiss a *pro se* complaint on statute of limitations grounds. In *Smith v. Delaware County Court*, 260 Fed. Appx. 454 (3d Cir. 2008), the Third Circuit explained:

> Civil rights complaints are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. *See Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. *Gera v. Commonwealth of Pennsylvania*, 256 F. App'x 563, 564-65 (3d Cir. 2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, a district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006) (citation omitted) (finding that a district court's screening authority under § 1915(e) "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*.").

260 Fed. Appx. at 455; *see also Jackson v. Fernandez*, 2009 WL 233559 (D. N.J. Jan. 26, 2009); *Hurst v. City of Dover*, 2008 WL 2421468, at *3 (D. Del. June 16, 2008). This rule of law also applies to the timeliness of claims against federal agencies and officers for violations of constitutional rights. *See Kach v. Hose*, 589 F. 3d 626, 634 (3d Cir. 2009).

Applying these standards, this Court concludes that it is plain from the face of the Complaint that Plaintiff's claims against all of the federal Defendants are subject to dismissal on statute of limitations grounds, as this case was filed in October of 2013, well more than two years after the events alleged as to those Defendants in the Complaint. This cannot be cured by

6

an amendment, and accordingly, the Complaint must be dismissed with prejudice as to all federal Defendants.

As to the non-federal Defendants, as to whom the only claims asserted for the two years prior to the filing of the Complaint are for money damages related to some sort of extended, multi-pronged family feud, the Complaint on its face reveals no basis for the exercise of federal subject matter jurisdiction over them. They are not federal actors as to which this Court would have jurisdiction under 28 U.S.C. § 1346, and as noted above, there is a facial lack of the necessary "complete diversity" between all Plaintiffs and all such Defendants that would allow the diversity of citizenship provisions of 28 U.S.C. § 1332(a) to apply. *Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (no plaintiff can be a citizen of the same state as any of the defendants). This also cannot be cured by any amendment, and the proper course is to dismiss the action in these regards without prejudice to its assertion in a forum which does possess the requisite jurisdiction.

For the foregoing reasons, the Complaint must be dismissed with prejudice as to the federal Defendants pursuant to the screening provisions noted above. As to all other Defendants, the Complaint, and this civil action, is dismissed without prejudice for want of federal jurisdiction. An appropriate Order will follow.

Mark R. Hornak
United States District Judge

Dated: February 7, 2014

cc: All Counsel of Record
    Lee M. Detar

7